IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY REED, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:22-cv-00566 |
| ) | |
| vs. ) | |
| ) | |
| GOODWILL OF CENTRAL AND ) | |
| SOUTHERN INDIANA, INC. ) | |
| ) | |
| ) | |
| Defendant ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Anthony Reed, by counsel, and as his Complaint for Damages against Defendant, Goodwill of Central and Southern Indiana, Inc. of Central and Southern Indiana, Inc., alleges and states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Anthony Reed (hereinafter "Reed" or "Plaintiff"), is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Goodwill of Central and Southern Indiana, Inc. (hereinafter referred to as "Goodwill" or "Defendant"), is an employer as defined by 42 U.S.C. § 2000e(b), 29 U.S.C. §621 *et. sec*. and 42 U.S.C. §12101, *et. sec*., which conducts business in the State of Indiana.

3. Mr. Reed filed a Charge of Discrimination (Charge 470-2021-01991) with the Equal Employment Opportunity Commission on or about May 25, 2021, alleging, *inter alia*, that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., The Age Discrimination in Employment Act, 29 U.S.C. §62 *et. sec.,* and The Americans with Disabilities Act, 42 U.S.C. §12101 *et. sec*.

4. The Equal Employment Opportunity Commission regulations, issued to Mr. Reed a 90-day Right to Sue letter on March 2, 2022.

5. Mr. Reed invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, is a sixty-one (61) year old African-American/black male with a disability, who was employed by the Defendant as an assembler beginning in January 2021.

8. At all relevant times, Plaintiff met or exceeded the Defendant's legitimate performance expectations.

9. On or about March 10, 2021, Plaintiff was told that his section would be closed for the day and told to report to a supervisor named Kenny in the Covance section.

10. When Plaintiff reported to Kenny, he was assigned to another section known as eth EHOB section.

11. The EHOB section is a more physically taxing section, and working in that section exacerbated Plaintiff's back condition.

12. When Kenny learned that Plaintiff's back was hurting him, he began to ridicule and mock the Plaintiff and told him to go home if he does not like it.

13. On March 12, Plaintiff submitted a written complaint to Defendant's Human Resource Department regarding Kenny's treatment of him.

14. On or about March 19, the terminated Plaintiff claiming that he was overheard using profanity while on the phone with his sister.

**Count I**
**Race**

15.  Plaintiff incorporates by reference Paragraphs one (1) through fifteen (15) above.

16.  Defendant discriminated against Mr. Reed on the basis of his race when it assigned him to the EHOB section, ridiculed him for being in pain, and terminating his employment.

17.  Mr. Reed's race was the motivating factor in Defendant's treatment of him and similarly situated white employees were treated more favorably when they were assigned to the Covance line.

18. Similarly situated white employees have also been treated more favorably in that they have used profanity and not been terminated.

19. These actions violated Mr. Reed's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

20.  As a result of the foregoing, Mr. Reed has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

21.  As a result of Defendant's actions, Mr. Reed has incurred attorney fees and costs.

22.  Defendant's actions were done with malice or willful reckless disregard to Mr. Reed's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count II
## Color

23. Plaintiff incorporates by reference Paragraphs one (1) through twenty-two (22) above.

24. Defendant discriminated against Mr. Reed on the basis of his color when it assigned him to the EHOB section, ridiculed him for being in pain, and terminating his employment.

25. Mr. Reed's color was the motivating factor in Defendant's treatment of him and similarly situated white employees were treated more favorably when they were assigned to the Covance line.

26. Similarly situated white employees have also been treated more favorably in that they have used profanity and not been terminated.

27. These actions violated Mr. Reed's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

28. As a result of the foregoing, Mr. Reed has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

29. As a result of Defendant's actions, Mr. Reed has incurred attorney fees and costs.

30. Defendant's actions were done with malice or willful reckless disregard to Mr. Reed's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count III
## ADA

31. Plaintiff Incorporates by reference Paragraphs one (1) through thirty (30) above.

32. Plaintiff suffers from a bad back and is subject to intense lower back pain.

33. Defendant's supervisor, Kenny, was aware of Plaintiff's disability and created a hostile work environment by berating and mocking him when it was apparent that he was in pain.

34. Defendant discriminated against Mr. Reed on the basis of his disability, or perceived disability, when it refused to accommodate his disability by working him on the Covance line like all of his coworkers.

35. Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et. sec*.

36. As a result of the foregoing, Mr. Reed has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

37. As a result of Defendant's actions, Mr. Reed has incurred attorney fees and costs.

38. Defendant's actions were done with malice or willful reckless disregard to Mr. Reed's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count IV
## ADEA

39. Plaintiff Incorporates by reference Paragraphs one (1) through thirty-eight (38) above.

40. Plaintiff is sixty-one (61) years old, over the age of forty (40) and thus in a protected class.

41. Plaintiff's supervisor, Kenny, was aware of Plaintiff's age intentionally assigned him to a more strenuous job than what he assigned younger employees to, and then ridiculed him when it became apparent, he was having difficulty doing the job.

42. Plaintiff, at all relevant times, met or exceeded Defendant's legitimate performance expectations, and similarly situated younger employees were treated more favorably.

43. Defendant discriminated against Mr. Reed on the basis of his age when it assigned him to a more strenuous job and then terminated his employment.

44. Defendant's actions are in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. sec*.

45. As a result of the foregoing, Mr. Reed has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

46. As a result of Defendant's actions, Mr. Reed has incurred attorney fees and costs.

47. Defendant's actions were done with malice or willful reckless disregard to Mr. Reed's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count V
## Retaliation

48. Plaintiff Incorporates by reference Paragraphs one (1) through forty-seven (47) above.

49. Plaintiff complained to Defendant's HR department that Kenny was discriminating against him.

50. Defendant retaliated against Mr. Reed for engaging in the above-mentioned protected activity by terminating his employment.

51. Plaintiff's complaint of discrimination was the reason for Plaintiff's termination.

52. As a result of the foregoing, Mr. Reed has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

53. As a result of Defendant's actions, Mr. Reed has incurred attorney fees and costs.

54. Defendant's actions were done with malice or willful reckless disregard to Mr. Reed's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count VI
## 42 U.S.C. §1981

55. Plaintiff incorporates by reference paragraphs one (1) through fifty-four (54) above.

56. Plaintiff is an African-American who was employed by the Defendant as an Assembler

57.  Plaintiff at all times met or exceeded the Defendant's legitimate performance expectations.

58.  Defendant harassed, discriminated against, and terminated the Plaintiff because of his race.

59. Similarly situated white employees were treated more favorably than Plaintiff in that they openly use profanity on the floor and are not disciplined or terminated.

60.  As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, compensatory damages, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

                Respectfully submitted,

                HENN HAWORTH CUMMINGS & PAGE


                <u>/s/ Paul J. Cummings</u>
                Paul J. Cummings, 22713-41


HENN HAWORTH CUMMINGS & PAGE
1634 W. Smith Valley Road, Suite B
Greenwood, IN  46142
(317) 885-0041;
(888) 308-6503 Fax